UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

MARC COMBS,

          Plaintiff,

v.

BILL SNETHKAMP, INC.

          Defendant.

Case No. 20-cv-
Hon.

_____/

ERIC STEMPIEN (P58703)
STEMPIEN LAW, PLLC
Attorneys for Plaintiff
29829 Greenfield Rd., Suite 102
Southfield, MI 48076
(248)569-9270
eric@stempien.com
_____/

## COMPLAINT AND JURY DEMAND

Plaintiff, Marc Combs, by and through his attorneys, Stempien Law, PLLC hereby complains against Defendant Bill Snethkamp, Inc. and in support thereof states:

1. Plaintiff Marc Combs ("Combs" or "Plaintiff") is a resident of the City of Howell, Livingston County, Michigan.

2. Defendant Bill Snethkamp, Inc. ("Snethkamp" or "Defendant") is a Michigan corporation that conducts continuous and systematic business in Wayne County, Michigan.

1

3. Jurisdiction is vested in this Court pursuant to 29 USC §2601, et. seq. and 28 USC §1331.

4. Combs was employed with Snethkamp until his discharge from employment on April 27, 2020.

5. Plaintiff was an eligible employee as that term is defined by the Family Medical Leave Act, 29 USC §2601, et. seq. ("FMLA").

6. Snethkamp was a covered employer under the FMLA.

7. The events giving rise to this action occurred in Wayne County, Michigan.

## **GENERAL ALLEGATIONS**

8. Plaintiff began his employment with Snethkamp on or about July 8, 2013.

9. Plaintiff was employed with Snethkamp as the Service Director of Defendant's car dealership located in the Township of Redford, Wayne County, Michigan.

10. In February 2020, Combs took a leave of absence from his employment due to a serious health condition.

11. Combs requested, and was granted, protection under the FMLA for his leave.

12. Combs returned to work in March 2020, less than 12 weeks after his FMLA leave was approved by Defendant.

13. Within the first few days of returning to work, the symptoms of Combs' serious health condition returned, and he requested further leave pursuant to the FMLA.

14. His request for further leave was ignored by Defendant.

15. Therefore, Combs returned to his physician, who wrote a letter to Snethkamp indicating that Combs was unable to return to work due to his serious health condition.

16. Combs' physician disabled him from employment for an additional 2½ weeks.

17. At no time did Combs' leave of absence for a serious health condition exceed 12 weeks in any one year.

18. When Combs returned to work he was informed that he had been demoted from Service Manager to Body Shop Manager, with a concomitant reduction in pay.

19. Following his return from FMLA leave, the General Manager of the dealership told Combs that "you will have to earn my trust back" due to Combs' decision to take a leave from work.

20. The General Manager also told other employees at Snethkamp that he "could no longer trust" Combs after Combs' FMLA leave.

21. Combs was then constructively discharged from his employment on April 27, 2020.

## COUNT I
## VIOLATION OF FMLA – RETALIATION

22. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

23. Snethkamp discriminated and/or retaliated against Combs for exercising his rights under the FMLA.

24. The discrimination and/or retaliation includes, but is not limited to: demotion, reduction in pay and discharge.

25. Defendant's discrimination and/or retaliation is in violation of 29 USC §2615(a)(2).

26. As a direct and proximate result of Defendant's FMLA discrimination and/or retaliation, Plaintiff suffered damages, including, but not limited to: lost past and future wages, lost past and future employment benefits, interest, costs and attorney fees.

27. Further, because Defendant's violation of the FMLA was not in good faith and Defendant did not have a reasonable grounds for believing that the discharge was not a violation of the FMLA, Plaintiff is entitled to an award of liquidated damages pursuant to 29 USC §2617(a)(1).

## COUNT II
## VIOLATION OF FMLA – INTERFERENCE

28. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

29. Defendant interfered with Plaintiff's FMLA rights by failing, refusing and/or neglecting to reinstate him to the same or equivalent position after his FMLA leave in February and March 2020.

30. Such interference is a violation of 29 USC §2615(a)(1).

31. As a direct and proximate result of Defendant's interference with Plaintiff's FMLA rights, Plaintiff has suffered damages as fully set forth in paragraphs 26 and 27 of this Complaint.

WHEREFORE, Plaintiff Marc Combs prays that this Honorable Court enter a judgment in his favor against Defendant Bill Snethkamp, Inc. in an amount that this Court deems fair and just, plus costs, interest and attorney fees.

### JURY DEMAND

Plaintiff hereby demands a trial by jury of the within cause.

STEMPIEN LAW, PLLC

*/s/ Eric Stempien*
By: Eric Stempien (P58703)
Attorney for Plaintiff

Dated: June 24, 2020